**UNITED STATES TRAVEL AGENCY, INC.,**
Appellant,

v.

**WORLD–WIDE TRAVEL SERVICE COR-
PORATION and Clarence H.
Simmons, Jr., Appellees.**

No. 4061.

District of Columbia Court of Appeals.

Argued Sept. 25, 1967.

Decided Dec. 12, 1967.

Wallace L. Schubert, Washington, D. C., for appellant.

Saul M. Schwartzbach, Washington, D. C., with whom Alfred L. Bennett, Washington, D. C., was on the brief, for appellees.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

HOOD, Chief Judge.

Appellant, a travel agency, sued another travel agency (World-Wide) and an individual (Simmons) for damages. The theory of appellant's complaint was that Simmons, its former employee, had left its employment and had gone to work for World-Wide, taking with him a business asset of appellant which was used by World-Wide to its advantage.

Appellant's evidence showed that it had in the past conducted a number of tours sponsored by the National Association of Home Builders for its members, the last

being an African tour in August and September of 1964, for which Simmons was the personal tour conductor. Appellant hoped to arrange a 1965 tour for the same group. On October 31, 1964, Simmons left his employment with appellant and began working for World-Wide December 1st of that year. In December Simmons, on behalf of World-Wide, presented to the Home Builders Association plans for a European Common Market tour and alternatively a South Pacific tour. The Common Market tour was approved by the Association and twenty-nine of its members took the tour in 1965.

Appellant's contention is that the idea of the Common Market tour was developed in its office by Simmons and that when Simmons transferred to World-Wide, he took the plan with him and World-Wide used it. Appellant's position is that the "plans and conception" of the Common Market tour was its business asset, and that "the taking and sale of such plans by a former employee for a competitor was the theft of a business asset for which appellant should be compensated." The trial court found that Simmons had not taken away any asset of appellant and denied recovery.

■ We first dispose of a procedural matter. The case was heard by the court without a jury and when the plaintiff rested, defense counsel moved "for a directed verdict or judgment in favor of the defendant." The motion was denied. After the defendants had put on their evidence and plaintiff had put in rebuttal evidence, defense counsel stated he "would renew my motion." After argument by both parties, the court announced it "would grant the motion." Appellant argues that it was error to grant "the motion to dismiss." Despite some unfortunate use of language by court and counsel, it is plain that when both parties had rested, the case was submitted to the trial court for final decision on the merits. This is made clear by the entry of "judgment on trial finding for both defendants." We are not here concerned with the grant of a motion to dismiss, or any other motion, but with a finding and judgment after full trial.

The real question presented is the correctness of the trial court's finding that Simmons did not take with him to World-Wide a business asset belonging to appellant.

■ An agent after termination of his employment, in the absence of an agreement to the contrary, may compete with his former principal,[1] and he may take with him all the skill and information he has acquired, excluding only the property of his previous employer.[2] An idea may constitute property entitled to legal protection, but in order to do so it must be new, novel or original and must also be in some concrete form.[3]

■ Applying the above principles, we must hold that the trial court was correct. Assuming that the idea of a Common Market tour sponsored by the Home Builders Association was first conceived by appellant, and that Simmons learned of it while in appellant's employment, there is nothing in the record to establish that the idea was original or novel. Certainly there is nothing original in a foreign tour sponsored by an association for its members. It is common knowledge that many associations sponsor such tours; and there is nothing novel about a tour of the Common Market countries by a group of businessmen. The idea of the tour, even if in concrete form, was lacking in originality and did not constitute a business asset.

Affirmed.

1. Aetna Casualty and Surety Co. v. Lee, 97 U.S.App.D.C. 213, 229 F.2d 787, cert. denied, 351 U.S. 973, 76 S.Ct. 1027, 100 L.Ed. 1491 (1956).

2. Activated Sludge Inc. v. Sanitary Dist. of Chicago, 33 F.Supp. 692 (N.D.Ill.1940),

aff'd sub nom., Guthard v. Sanitary Dist. of Chicago, 118 F.2d 899 (7th Cir.), cert. denied, 313 U.S. 583, 61 S.Ct. 1102, 85 L.Ed. 1539 (1941).

3. Hamilton Nat. Bank v. Belt, 93 U.S. App.D.C. 168, 210 F.2d 706 (1953).